UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 05-Cr-20916-UNGARO/O'SULLIVAN

UNITED STATES OF AMERICA,

Plaintiff,

v.

ALFONSO ALLEN, et al.,

Defendant.
_____/

**NIGHT BOX FILED**

JUL 2 6 2006

CLARENCE MADDOX
CLERK, USDC / SDFL / MIA

## MOTION TO SUPPRESS EVIDENCE

**COMES NOW** the Defendant, ALFONSO ALLEN, by and through his undersigned CJA appointed counsel, *JAMES S. BENJAMIN, Esquire, BENJAMIN & AARONSON, P.A.* , and moves this Honorable Court to suppress all evidence as listed below seized as a result of the illegal stop of a vehicle occupied and operated by the Defendant Alfonso Allen on August 17, 2005, and in support thereof states as follows:

### FACTS

1.  On August 17, 2005, Alfonso Allen was driving a Mercury Marquis Florida Tag Number K58GSG.

2.  Officer Suarez and his partner Officer Tillman of the Miami Police Department illegally stopped this vehicle driven by Mr. Allen. Officer Suarez indicated in his sworn affidavit that "on a previous occasion he ran a computer check of Defendant and it revealed that his driver's license was suspended". There was no evidence that at the time the Defendant was

1

observed driving this vehicle on August 17, 2005 that his license was suspended. As a result of this illegal stop the officer seized the amount of one hundred and ninety-nine ($199.00) dollars in U.S. currency, what is alleged to be a small amount of marijuana in the ash tray of the vehicle, the ash tray itself, and as undersigned counsel learned yesterday, bate stamp numbers 192, 193, 194, and 195 which consist of Western Union papers and papers with numbers written on them, that were allegedly seized pursuant to that arrest from the vehicle in which the Defendant was driving.

3.  At the time of the stop on August 17, 2005 there was no evidence whatsoever that would arise to the level of reasonable suspicion much less probable cause to believe that any crime was being committed by Defendant Alfonso Allen in that vehicle at that time.

## MEMORANDUM OF LAW

The United States Supreme Court in Terry v. Ohio, 88 S.Ct. 1868 (1968) held that a brief investigative stop is permissible *if* the police officer had a reasonable suspicion based on specific and articurable facts that criminal activity may be a foot.

The question of whether or not an officer has reasonable suspicion to stop a vehicle turns on the quality and the quantity of the information that the officer possesses at the time of the stop. Alabama v. White, 496 U.S. 325, 330 110 S.Ct.2412, 2416, 110 L.Ed.2d 301 (1990).

The fact that an officer ran a computer check on a previous occasion which revealed that the Defendant's driver's license was suspended on that previous occasion is legally stale. There is nothing that would connect this stale information to the fact that the Defendant was driving on

2

August 17, 2005. In <u>United States v. Gonzalez</u>, 190 F.3d 668 (CA 5 1999) the Court found that the issue of staleness as to information that would rise to the level of reasonable suspicion of criminal activity which would be needed to support an investigative stop should be determined on the facts of each individual case. There is no reason why the officer in this case could not have simply conducted another computer check in order to have timely information to support his investigative stop. There is no allegation that the Defendant was driving improperly or otherwise conducting himself improperly that would give rise to reasonable suspicion for an investigative stop other than this unconnected stale information concerning a previous computer check of the Defendant's license. The stop in this case was mere pretext without reasonable suspicion or probable cause. The stop of the Defendant without current information that the Defendant's license was suspended violates the Defendant's Fourth Amendment rights pursuant to <u>Delaware v. Prouse</u>, 440 U.S. 648, 99 S.Ct. 1391, 59 L.Ed. 2d 660 (1979). In <u>Prouse</u>, the Court held that it was a violation of the Fourth Amendment to stop an automobile for the purpose of checking the license and the registration where there is neither probable cause nor reasonable suspicion that the car is being driven contrary to the laws governing the operation of motor vehicles or that either the car or any of its occupants were subject to seizure or detention in connection with the violation of any other applicable law. In the case of <u>Diamondstone v. Macaluso</u>, 148 F.3d 113 (CA2 1998) the Court found that information obtained in prior traffic stops as to the issue of proof of insurance was stale and could not be used as a factor to justify reasonable suspicion or probable cause for the stop at this time.

3

WHEREFORE, Defendant, ALFONSO ALLEN, prays that this Honorable Court grant his Motion to Suppress Evidence for the above-stated grounds.

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by U.S. Mail/hand delivery to ANTHONY W. LACOSTA, ASSISTANT U.S. ATTORNEY at the Office of the United States Attorney at 99 Northeast 4th Street, Fort Lauderdale, FL 33132; MICHAEL G. SMITH, ESQUIRE (Attorney or Cornell Roberts) at 110 Southeast 6th Street, Suite 1970, Fort Lauderdale, FL 33301; MARC DAVID SEITLES, ESQUIRE (Attorney for Jeremy Wilson) at 169 E. Flagler Street, Suite 1200, Miami, FL 33131; STEPHEN ROSEN, ESQUIRE (Attorney for Terrance Lavarity) at 1221 Brickell Avenue, Suite 1020, Miami, FL 33131; CURT D. OBRONT, ESQUIRE (Attorney for Roderick Jones) at 2940 First Union Financial Center, 200 S. Biscayne Blvd., Miami, FL 33131; ERIC J. CVELBAR, ESQUIRE (Attorney for Christian Lee Brown) at 1181 Northwest 57th Street, Miami, FL 33127; MANUEL VAZQUEZ, ESQUIRE (Attorney for Roshawn Brown) at 2655 Le Jeune Road, Suite 502, Coral Gables, FL 33134; HUMBERTO R. DOMINGUEZ, ESQUIRE (Attorney for Antwan Dinkins) at 800 Brickell Avenue, Suite PH-2, Miami, FL 33131 and MICHAEL BLACKER, ESQUIRE (Attorney for Joseph Ruben Wells) at 701 Brickell Avenue, Suite 2080, Miami, FL 33131 on this 26 day of July, 2006.

Respectfully submitted,

JAMES S. BENJAMIN, ESQUIRE
*Benjamin & Aaronson, P.A.*
Florida Bar No: 293245
One Financial Plaza, Suite 1615
Ft. Lauderdale, Florida 33394
Telephone: (954) 779-1700
Facsimile: (954) 779-1771