UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,           CASE NO.   05-20916-CR-DIMITROULEAS

   Plaintiff,

vs.

ALFONSO ALLEN,

   Defendant.
_____/

**O R D E R**

THIS CAUSE is before the Court on Defendant's July 27, 2006 Motion to Suppress Evidence [DE-477].  The Court has considered Defendant's March 20, 2009 Renewed Motion to Suppress Evidence [DE-854], the Government's April 15, 2009 Response [DE-861], Defendant's Supplemental Motion to Suppress Evidence [DE-867], Defendant's May 10, 2009 Second Supplement [DE-873] and the Government's May 8, 2009 Supplemental Brief [DE-872].  The Court conducted an evidentiary hearing on May 4 2009 and received testimony from Hiram Suarez and John Devito, booth experienced narcotics officers.  The Court considered exhibits and determined credibility of witnesses, and finds as follows;

   1. On August 17, 2005, a wiretap investigation (Operation Lightening Bolt) developed that the Defendant would be meeting Cornell Roberts to conduct a drug or money transaction. The Defendant had been developed as the money man or distributor in the drug organization. Earlier in the day, Detective Suarez had obtained a photograph of the Defendant and determined that the Defendant's driver's license was suspended.  When the Defendant was observed driving a

1

Mercury Marquis, he was stopped, and he was ordered out of the car. The tinting on the car did not prevent Detective Suarez from identifying the Defendant.

2. When asked for his driver's license, the Defendant responded, "I don't have one, it's suspended." Certainly, at this point, there was probable cause to arrest the Defendant.

3. The Defendant was arrested and brought back to the side of the vehicle. Detective Suarez searched the vehicle, locating marijuana cigarettes in the ash tray; he recognized them as contraband from his prior encounters with similar wrappings and smells. A Western Union phone payment, which the detective testified was consistent with how drug dealers pay for cell phones, was located in the back seat. Detective Suarez noticed a phone number on the phone bill that had also been captured on the wiretap.

4. In a search of the Defendant's person, incident to his arrest, a tally sheet was unfolded, after having been discovered in his wallet. The initials on the tally sheet were consistent with those of individuals being investigated. Someone else also seized $199. The tally sheet and Western Union paper were copied and returned to the car, so as to minimize the chances of compromising the ongoing investigation. A cell phone was opened and the contacts were copied, as Agent Devito had also recognized some of the numbers.

5. The car was located in a bad spot, with people congregating, and it was in the middle of the street. There were only three law enforcement officers present. The officers did not wait for a tow truck and decided to drive the car to the police station, where an inventory search was conducted. The police followed departmental procedure in conducting the inventory search, except a second officer did not sign the storage receipt.

6. Sometime after the Defendant's arrest, a computer check revealed that he had an

outstanding warrant for his arrest.

    7. Defendant seeks suppression of all the physical evidence. The Government does not contest his standing to object to the searches.

    8. First, probable cause existed to arrest the Defendant for driving on a suspended license. The Information was not stale. Incident to that arrest, police could search his person. Since the cell phone was lawfully seized, the officers could also search any data electronically stored in the device. U.S. v. Deans, 549 F. Supp. 2d 1085, 1094 (D. Minn. 2008). See also U.S. v. Finley, 477 F. 3d 250, 259 (5th Cir.)cert. denied, 549 U.S. 1353 (2007)[1], but see U.S. v. Wall, 2008 WL 5381412 at *3-4 (S.D. Fla. December 22, 2008); U.S. v. Park, 2007 WL 1521573 (N.D. Ca. May 23, 2007). Here, Allen was the object of a wiretap investigation of a drug organization. There was probable cause to believe that information stored on the cell phone was evidence of the arrestee's crime, drug trafficking. The search was reasonable. See U.S. v. Quintana, 594 F. Supp. 2d 1291, 1299 (M.D. Fla. 2009); U.S. v. McCray, 2009 WL 29607 *4 (S.D. Ga. Jan. 5, 2009). No warrant was necessary for this "secondary search".

    9. Second, the car was validly searched pursuant to an inventory search. The existence of other investigatory motives beyond community caretaking does not invalidate an inventory search. U.S. v. Castro, 166 F. 3d 728, 734 (5th Cir.) cert. denied, 528 U.S. 827 (1999). A de minimis departure from the procedure did not invalidate the search. Alternatively, probable cause existed

---

[1] Here, there was no testimony about a concern that incoming calls would overwrite memory and destroy evidence. See U.S. v. Parada, 289 F. Supp. 2d 1291, 1304 (D. Kan. 2003); U.S. v. Valdez, 2008 WL 360548*3 (E.D. Wis. Feb. 8, 2008); U.S. v. Zamora, 2006 WL 418390 *4 (N.D. Ga. Feb. 21 2006). However, to require police to ascertain the storage capacity of a cell phone before conducting a search would be an unworkable and unreasonable rule. U.S. v. Murphy, 552 F. 3d 405, 411 (4th Cir.) cert. denied, 77 USLW (2009).

to believe that evidence of a crime would be found in the car justifying a Carroll doctrine search. Once the Defendant was arrested and items were seized from his person, incident to his arrest, a search of the car for evidence of drug dealing would have been permissible under the Carroll doctrine.  See U.S. v. Edwards, 577 F. 2d 883 (5th Cir.) cert. denied, 439 U.S. 968 (1978).  The Carroll doctrine search is not limited to crimes that a defendant is arrested for, but includes crimes for which probable cause exists.  Finally, the officers can be right for the wrong reasons.  The searches being initially done pursuant to a now invalid Belton search does not prevent the search from being legal for another reason.

10.   Third, the officer was allowed to open up the folded piece of paper found in Allen's wallet.  See U.S. v. Richardson, 764 F. 2d 1514 (11th Cir.); cert. denied, 474 U.S. 952 (1985); U.S. v. Robinson, 414 U.S. 467 (1973); U.S. v. Castro, 596 F. 2d 674, 677 (5th Cir.) cert. denied, 444 U.S. 963 (1979);  U.S. v. McFarland, 633 F. 2d 427, 429 (5th Cir. 1980); U.S. v. Sonntag, 684 F. 2d 781, 786 (11th Cir. 1982).  Moreover, the officers could copy the contents of the paper. See U.S. v. Rodriguez, 995 F. 2d 776, 778 (7th Cir.) cert. denied, 510 U.S. 1029 (1993).

Wherefore, Defendant's Motion to Suppress [DE-477], Defendant's Renewed Motion to Suppress [DE-854] and Defendant's Supplemental Motion to Suppress [DE-867] are Denied.

DONE AND ORDERED in Chambers at Fort Lauderdale, Broward County, Florida, this 14th day of May, 2009.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

Richard Della Fera, Esquire
Anthony W. Lacosta, AUSA